**In re H & C ENTERPRISES, a Partnership, Debtor.**

**Bankruptcy No. 82–01334.**

United States Bankruptcy Court,
D. Idaho.

Dec. 30, 1983.

Rudolf D. Barchas, Boise, Idaho, for plan proponent LaVern Cahoon.

Dan Hockley, Asst. U.S. Atty., Dist. of Idaho, for the Internal Revenue Service.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

A plan of reorganization of the above debtor has been confirmed subject only to an amendment which is to provide, as relevant hereto, for full payment of the post-petition tax claim of the United States Government. The exact amount to be paid, however, is at issue. Specifically, the issue presented is whether or not the amount to be paid the Internal Revenue Service (hereafter IRS) pursuant to § 1129(a)(9) for unpaid post-petition tax liabilities should include, in addition to the actual tax and the penalty thereon, accrued interest.

The administrative expense claim of the IRS arises under § 503(b)(1)(B) which provides for allowance of:

"(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(6) of this title; or

(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case."

As is clear from that section, and subsection (b)(1)(C), the tax incurred by the estate and the penalty relating to such tax are both allowable components of the claim. The section does not, however, specifically provide for interest on the unpaid post-petition taxes due. It is the position of the United States that because the Internal Revenue Code defines interest to be part of an assessed tax, it too must be paid in cash on confirmation.

Only one court appears to have considered this issue. *In re Stack Steel & Supply Co.,* 28 B.R. 151, 10 B.C.D. 232 (Bkrtcy.W.D.Wash.1983). Judge Treadwell there reached the following conclusions:

"The post-petition tax [assessed by King County, Wa.] itself was clearly 'incurred by the estate' and falls within the terms of Code § 503(b)(1)(B)(i). Accordingly, it is allowable as an administrative expense.

With respect to King County's claim for interest and penalty, the Court is hesitant to favor the county over other administrative claimants herein. Nevertheless, Code § 362(b)(8) permits the issuance by a tax unit of a notice of deficiency, and King County's November 3, 1982 filing of a request for payment of administrative expense for 1983-payable taxes properly may be viewed as such notice, from which penalty and interest may run if permitted by Code § 503. Because § 503(b)(1)(C), *supra,* specifically provides that a tax penalty incurred by the estate is recoverable as an administrative expense, the Court will allow the

county's claim insofar as penalty is sought.

With respect to interest on the delinquent portion of the personal property tax, however, nothing in Code § 503 specifically provides for same.

The legislative history of § 503(b)(1)(B) indicates that the Senate desired administrative priority for interest on taxes and that S.2266 passed by the Senate on September 7, 1978 specifically provided for this. But earlier, the version of H.R. 8200 passed by the House on February 1, 1978, omitted any reference to interest on taxes, and provided only that taxes on, measured by, or withheld from wages, salaries or commissions attributable to the post-petition period would be administrative expenses. Code § 503(b)(1)(B), as finally enacted, omits any reference to interest on taxes as being accorded administrative priority. The legislative history addressing the compromise bill is silent as to why the Senate's specific provision for interest was omitted. 124 Cong.Rec. H 11,094–5 (Sept. 28, 1978); S 17,411 (Oct. 6, 1978). Because § 503(b)(1) adopts the approach taken in the House bill as modified by some provisions contained in the Senate amendment, it is a plausible inference that the omission of the words 'including interest thereon' from the language 'any taxes, including interest thereon' as set forth in § 503(b)(1)(B) of S.2266 was deliberate and significant. This Court does not think that the omitted words were surplusage, and notes that substantial discussion had been addressed to the issue of post-petition interest and penalty on taxes under the former Bankruptcy Act. See e.g.: *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966) (taxes incurred in Chapter XI proceeding itself, accrue interest, except the accumulation of interest is suspended if a petition in liquidation is filed); *In re International Power Securities Corp.,* 109 F.Supp. 544 (D.N.J.1953) (trustee is liable not only for the principal amount but also the interest thereon where, under the provisions of local law, such interest is

assessable against taxpayer upon his failure to pay the tax within the time prescribed). Accordingly, the claim of King County for interest on personal property taxes assessed after the filing of the debtor's Chapter 11 petition is denied."

I find the analysis made by Judge Treadwell persuasive. For that reason, I will allow only that portion of claim reflecting the tax and penalty thereon, which from argument of counsel I calculate to be $7,027.00, and will not allow the accrued interest of approximately $1,055.57.