In re BERGIN CORPORATION, Debtor.

Bankruptcy No. 83–02043.

United States Bankruptcy Court, E.D. Wisconsin.

June 16, 1987.

Jerome M. Janzer, Milwaukee, Wis., for debtor.

Patricia J. Gorence, Acting U.S. Atty., E.D. Wisconsin, Milwaukee, Wis.

Mary E. Bielefeld, Tax Div., U.S. Dept. of Justice, Washington, D.C.

Mark A. Peterson, Dist. Counsel, I.R.S., Milwaukee, Wis.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

■ The question presented is whether interest on post-petition federal withholding, social security and unemployment taxes should be given first priority administrative expense treatment under § 503(b) of the Bankruptcy Code.[1] For reasons more fully set forth hereafter, this court answers that question in the affirmative.

On May 31, 1983, Bergin Corporation ("debtor") filed a petition under Chapter 11 of the Bankruptcy Code. The debtor thereafter ceased its business operations, and this case has continued as a Chapter 11 liquidating case. The pending issue was brought into focus by the debtor's objection to the post-petition tax claim of the Department of the Treasury, Internal Revenue Service ("IRS"). The most recent amended claim of IRS, filed on December 3, 1986, totals $26,671.65, including interest and penalties. The interest portion of this claim, which is what is presently being contested, is $6,869.54 with interest continuing to accrue after December 3, 1986 at the rate of $6.58 per day.

There is a split of authority on this issue. Some courts, including *Matter of Lumara Foods of America, Inc.*, 50 B.R. 809 (Bankr.N.D.Ohio 1985); *In re H & C Enterprises, Inc.*, 35 B.R. 352 (Bankr.D.Idaho 1983); *In re Stack Steel & Supply Co.*, 28 B.R. 151 (Bankr.W.D.Wash.1983); and *In re Hirsch-Franklin Enterprises, Inc.*, 63 B.R. 864 (Bankr.M.D.Ga.1986), supply authority for the debtor's position. Other courts have reached the opposite result, thereby supporting the position of the IRS. *See, U.S. v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir.1984); *In re General Polymerics Corp.*, 54 B.R. 523 (Bankr.D. Conn.1985); *In re Thompson*, 67 B.R. 1 (Bankr.N.D.Ohio 1984); and *Matter of Patch Press, Inc.*, 71 B.R. 345 (Bankr.W.D. Wis.1987).

§ 503(b)(1)(C) provides that administrative expense treatment be given to taxes and penalties, but makes no reference to interest. The debtor contends that this omission was deliberate and that Congress therefore intended that interest be excluded. The IRS, on the other hand, argues that the inclusion of interest in § 503(b)(1)(C) would have only been surplusage.

With the battle line having been so drawn, resort to the legislative history of § 503(b) is appropriate and is instructive. § 503(b) was derived mainly from § 64(a)(1) of the preceding Bankruptcy Act with some changes. H.Rep. No. 95–595, 95th Cong. 1st Sess. 355 (1977); S.Rep. No. 95–989, 95th Cong. 2d Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. In that regard, it is also significant to recognize that § 64(a)(1) of the Bankruptcy Act had been interpreted by the U.S. Supreme Court in *Nicholas v. U.S.*, 384 U.S. 678, 86 S.Ct.

---

1. § 503. *Allowance of administrative expenses.*

---

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

    (1)(A) The actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case:

    (B) any tax—

        (i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or

        (ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case; and

    (C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

1674, 16 L.Ed.2d 853 (1966). There, it was held that interest on taxes incurred during the Chapter XI proceeding is entitled to the priority treatment afforded by § 64(a)(1), even though not specifically itemized in that section. There is nothing in the legislative history to § 503(b) to indicate any Congressional intent to abrogate *Nicholas v. U.S.* The only reference to interest in the legislative history to § 503(b) appears in Senate Judiciary Committee, S.Rep. No. 95–989, 95th Cong. 2d Sess. 66 (1978), U.S. Code Cong. & Admin.News 1978, p. 5852, where it is stated that "interest on tax liabilities and certain tax penalties incurred by the trustee are also included in this first priority." Although § 503(b), as enacted, contains no specific reference to interest, this does not necessarily mean that Congress intended for interest to be excluded. The precise wording of § 503(b) is such that only illustrations of administrative expenses are set forth. That listing, however, is not exclusive. 3 *Collier on Bankruptcy*, § 503.03 at 503–17 asserts:

"While it is true that the court is not free to fashion additional priorities it ought not be assumed that the six designations are necessarily exclusive nor designed to cover every conceivable situation. The use of the word 'including' as the last word in the lead in sentence of section 503(b) in accordance with section 102(3) is not limiting. Section 102(3) states that the words 'includes' and 'including' are not limiting. The court might well conclude there are to be allowed as administrative expenses claims not necessarily precisely covered by the provisions of section 503(b)."

*See also, Matter of Pharmadyne Laboratories, Inc.*, 53 B.R. 517 (Bankr.D.N.J. 1985), and *In re Thompson, supra.*

Furthermore, there is no logical reason why Congress would afford administrative treatment to penalties, but not to interest. Interest actually is more akin to the tax than is the penalty on the tax. In *Bruning v. U.S.*, 376 U.S. 358, 360, 84 S.Ct. 906, 908, 11 L.Ed.2d 772 (1964), the court stated:

"In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incen-

tive to prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description."

When courts interpret statutes, they seek ways to interpret them sensibly. *In re Keinath Brothers Dairy Farm*, 71 B.R. 993 at 1000 (Bankr.E.D.Mich.N.D.1987). The Fourth Circuit in *U.S. v. Friendship College, Inc., supra,* opted for consistency and held that interest should be given administrative priority treatment, stating, 737 F.2d at 433:

"To treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code. Instead, the only indication we have one way or the other suggests that interest should be first priority."

Recently, the Hon. Robert Martin, Bankruptcy Judge of the Western District of Wisconsin, in *Matter of Patch Press, Inc., supra,* supported the *U.S. v. Friendship* position and, as further justification for this view, added, 71 B.R. at 349, 350:

"As pointed out in the *Lumara* decision, the Senate version of § 503(b)(1)(B) gave priority to 'any taxes, including interest thereon.' Although the House's version of this section did not mention interest, their draft of this section was derived mainly from the working of § 64(a)(1) of the Bankruptcy Act which had been interpreted by *Nicholas v. U.S.*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), to include postpetition interest on tax claims which became payable during the Chapter XI proceeding.

---

The legislative history indicates that the only major change contemplated by the House in the area of administrative priority was the elimination of the priority for the referee's salary.

---

The legislative history is silent as to why the Senate's specific provision for interest was not included in the final bill. . . .

However, there is evidence in the legislative history of section 726(a)(6) that the word 'interest' was deleted as redundant because it was included within the meaning of 'claim.'

---

Without a clearer indication that interest should be excluded as part of the tax claim entitled to administrative priority, taxes and the interest on them should be given consistent treatment."

■ The debtor's contention that interest should be excluded from § 503(b) because of § 726(a)(5)[2] is unpersuasive. § 726(a)(5), which provides for a fifth priority to interest, only pertains to a dividend distribution in a Chapter 7 case. That is not before this court. Moreover, a review of the legislative history to § 726(a)(5), reveals that it only applies to pre-petition claims, S.Rep. No. 95-989, 95th Cong. 2d Sess. 96-97 (1978). The IRS claim in the case at bar is a post-petition claim.

■ The debtor's request for this court to invoke its equitable powers and disallow the interest is also rejected. That argument was raised, but disallowed, in *In re General Polymerics Corp.*, 54 B.R. 523 (Bankr.D.Conn.1985), with the court declaring, 54 B.R. at 526:

"... The role of equity is to supplement the express provisions of the Code and to further its general purposes. Equity does not replace statutory provisions as the debtor seems to suggest. To the contrary, as the maxim goes, 'equity follows the law.'"

Based upon the language of § 503(b) and its legislative history and upon acceptance of the reasoning in *U.S. v. Friendship College* and its progeny, interest on the post-petition taxes is allowed as an administrative expense claim.

**2.** 726. *Distribution of property of the estate.*
(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection.