**In re EEI ENERGY, INC., Debtor.**

**Bankruptcy No. 83 B 2389.**

United States Bankruptcy Court, N.D. Illinois, E.D.

July 9, 1987.

Edward W. Rothe, Chicago, Ill., for debtor.

Debra L. Stefanik, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C.

James D. Newbold, Revenue Litigation Div., State of Ill., Chicago, Ill.

John T. Lortie, Office of Chief Counsel, Chicago, Ill.

## MEMORANDUM OPINION AND ORDER

FREDERICK J. HERTZ, Bankruptcy Judge.

This cause was heard upon the motion of the trustee for EEI Energy, Inc., to deny priority status to pre-petition interest on pre-petition federal and state taxes. For the reasons set forth below, this motion is denied.

EEI filed for bankruptcy under Chapter 11 on February 18, 1983. This case was subsequently converted to Chapter 7 on April 24, 1983. Both the Internal Revenue Service and the State of Illinois filed claims seeking priority status under 11 U.S.C. § 507(a)(6), now (a)(7), for pre-petition taxes plus interest on those taxes. The sole issue before this court is whether the interest is entitled to priority status.

§ 507(a) provides priority status for "allowed unsecured claims of governmental units." Specifically enumerated under this provision are taxes, § 507(a)(7)(A), and penalties, § 507(a)(7)(G). The trustee contends that this provision's silence with respect to interest on taxes evinces an intent by Congress to deny priority status to interest. Both the I.R.S. and the State of Illinois argue that interest is included in the broad definition of the term "claim," and thus is entitled to priority.

While this issue has not been considered in this jurisdiction, the majority of courts in other jurisdictions have granted priority status to interest on pre-petition tax claims.

*Matter of Unimet Corporation,* 74 B.R. 156 (Bankr.N.D.Oh.1987); *United States of America v. H.G.D. & J. Mining Co. (In re H.G.D. & J. Mining Co.),* 74 B.R. 122 (S.D. W.Vir.1986); *In re Hirsch-Franklin Enterprises, Inc.,* 63 B.R. 864 (Bankr.M.D.Ga. 1986); *In re Reich,* 66 B.R. 554 (Bankr.D. Colo.1986); *In re Keller and Katkowsky, P.C.,* 55 B.R. 155 (Bankr.E.D.Mich.1985); *In re Palmer,* 53 B.R. 545 (Bankr.N.D.Tex. 1985), aff'd Bankr.L.Rep. (CCH) ¶ 71,273 (N.D.Tex.1986); *In re Treister,* 52 B.R. 735 (Bankr.S.D.N.Y.1985); *In re Hernando Appliances, Inc.,* 41 B.R. 24 (Bankr.N.D. Miss.1983); and *In re New England Carpet Company,* 26 B.R. 934 (Bankr.D.Vt.1983). But see, *In re Razorback Ready-Mix Concrete Company,* 45 B.R. 917 (Bankr.E. D.Ark.1984); and *In re Ayala,* 35 B.R. 651 (Bankr.D.Utah 1983).

In *United States v. Friendship College, Inc., (In re Friendship College, Inc),* 737 F.2d 430 (4th Cir.1984), the Fourth Circuit Court of Appeals considered an analogous issue. In that case, the court ruled that post-petition tax claims and penalties should be treated as an administrative expense under § 503(b)(1)(B)(i). A related issue concerned the priority treatment of interest on the tax claims. The trustee argued the interest should not be given the same priority status as the underlying tax claim because it was not specifically included in § 503, as were taxes and penalties. The court rejected this argument, holding that interest was entitled to the same priority as the tax claim itself.

The District Court for the Southern District of West Virginia, in the case of *In re H.G.D. & J. Mining Co., supra,* applied the *Friendship College* holding to conclude that, pursuant to § 507(a)(7), pre-petition interest on pre-petition taxes should also be given the same priority as the underlying tax claim. The court stated:

> The final version of § 507(a)[7] did not provide for the priority treatment of interest on a tax claim even though the Senate bill did. However, we can find no proof in the Bankruptcy Act or its legislative history that Congress intended to treat interest on a tax claim differently from the tax claim itself. See, *Friendship College, Inc.,* 737 F.2d at 433. Fur-

thermore, the fact that interest was not included in the detailed listing in § 507(a)[7] of tax claims entitled to priority does not mean that it was excluded. Interest was not listed as an element of an administrative expense in § 503(b)(1) while the tax and any penalty on the tax were and yet the Fourth Circuit held that it was such an element. Id. We think the reasoning of the Fourth Circuit that the tax and the interest thereon should be treated the same applies equally in regard to interest on tax claims under § 507(a). Therefore, this court holds that pre-petition interest on a pre-petition tax claim should be given the same priority as the underlying tax claim itself. *Id.*, at 124–125.

This court finds the reasoning of *H.G.D. & J. Mining Co., supra,* as well as those cases interpreting "tax claim" to include interest and thus be entitled to the same priority for distribution, to be persuasive. This is consistent with the United States Supreme Court's finding in *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), that "in most situations, interest is considered to be the cost of the use of the amounts owing a creditor and incentive to prompt repayment and, thus, *an integral part of a continuing debt.* Interest on a tax debt would seem to fit that description." (Emphasis added.) *Id.*, at 359, 84 S.Ct. at 907. Although the *Bruning* holding, that post-petition interest on an undischarged tax debt may be enforced as a continuing non-dischargeable obligation against a debtor, has been rejected with the adoption of the Bankruptcy Code, the underlying principle enunciated in *Bruning* is still sound. Accordingly, this court holds that pre-petition interest on pre-petition tax claims are entitled to priority status under § 507(a)(7).

THEREFORE, IT IS HEREBY ORDERED that the trustee's motion contesting priority status to pre-petition interest on pre-petition federal and state taxes is denied.

IT IS SO ORDERED.