**In re PATCO PHOTO CORP., Debtor.**

**Bankruptcy No. 185–50755–260.**

United States Bankruptcy Court,
E.D. New York.

Feb. 3, 1988.

---

Isaac Blachor, Garden City, N.Y., for debtor-in-possession.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by William Beckerleg, Asst. U.S. Atty., Brooklyn, N.Y.

Myron Schamis, Office of the Atty. Gen., New York City.

Alan Cabelly, Brooklyn, N.Y., for Creditors' Committee.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

Before the court is a motion brought by the debtor seeking to reclassify, as general unsecured claims, not subject to priority, the interest and penalty portions of priority tax claims heretofore filed by the federal and state taxing authorities. For the reasons stated below, the court holds that: (1) penalties and interest on post-petition taxes are afforded priority status as administrative expenses along with the underlying debt; and (2) interest on pre-petition taxes is entitled to priority status, but pre-petition penalties are allowable only as general unsecured debts, inasmuch as they are punitive in nature.

## FACTS

Patco Photo Corporation ("Patco"), the debtor herein, filed a petition for relief under Chapter 11 of the Bankruptcy Code which is pending before this court. It is engaged in the business of processing and selling film in addition to the sale and service of photographic equipment.

Subsequent to the filing, both the Internal Revenue Service ("IRS") and the State of New York ("the State") filed claims seeking priority status under section 507(a)(7) of the Bankruptcy Code for pre-petition taxes and for interest and penalties thereon.[1]

The most recent amended claim of the IRS is designated as a priority claim for withholding taxes, social security contributions and unemployment insurance contributions. The claim totals $26,917.59. Of that amount, $22,738.87 is referred to in the claim as secured by a federal tax lien filed with the Secretary of State, which includes $4,372.71 for penalties and $3,066.42 for interest to the petition date. The remainder of the claim calls for $94.33 in interest and $564.17 in penalties.

The New York State Tax Commission likewise filed an amended claim for pre-petition withholding and sales tax in the amount of $6,395.80, which includes $594.97 in interest to the filing date. Also at issue in this proceeding is $329.70 in interest as part of a $2,982.57 claim filed by the New York State Department of Labor for unpaid contributions to the New York State Unemployment Insurance Fund.

During the pendency of this Chapter 11 case, Patco has incurred further tax liabilities in its continuing operations as a debtor-in-possession. The IRS claims post-petition administrative taxes for $7,950.74, of which $734.33 constitutes interest and $1,649.45 is for penalties. The State claims $28,295.11 in administrative taxes, of which $3,616.46 is interest and $7,275.68 is for penalties. Patco also seeks reclassification of priority claims by the New York State Department of Labor to the extent that they constitute penalties, interest or assessments. The New York State Department of Labor seeks $46.02 in post-petition unemployment insurance contributions with no interest claimed to date.

Patco has filed with this court a proposed plan of reorganization together with a disclosure statement. The plan provides that all classes of creditors will be paid in full, except general unsecured creditors who will participate in a *pro rata* distribution of the funds available after full payment to the other creditors. The debtor makes the

---

1. 11 U.S.C. § 507(a)(6) was redesignated as § 507(a)(7) by the Amendments and Federal Judgeship Act of 1984. (Pub.L. No. 98–353). All references to this section will reflect the change.

instant application to reclassify the interest and penalty portions of the tax claims so that they be allowed as non-priority general and non-administration expense claims, thereby increasing the *pro rata* distribution to the general unsecured creditors.

## DISCUSSION

### A. *Post-petition Taxes*

Taxes incurred by a trustee, or in this case a debtor-in-possession, subsequent to the filing of the bankruptcy petition, are treated as administrative expenses pursuant to 11 U.S.C. § 503(b)(1).[2] Such expenses are then granted first priority in any distribution of the debtor's estate in accordance with section 507(a)(1).

The Bankruptcy Code contains no express provision allowing interest on such taxes to be treated with the same administrative priority as the underlying tax. The debtor, therefore, argues that interest is not an administrative expense within the confines of the Code. The IRS conversely argues that since interest is directly related to an administrative expense, to wit, the post-petition taxes, it should be treated with the same consideration.

Courts addressing the classification of interest on post-petition taxes have reached varying conclusions. A number have held that due to the absence of any reference to interest in the language of section 503(b)(1), interest does not have the priority of an administrative expense. *See, e.g., United States v. Tedlin (In re Mark Anthony Constr., Inc.)*, 78 B.R. 260 (9th Cir.BAP 1987); *Flatau v. Jackson (In re Hirsch–Franklin Enterprises, Inc.)*, 63 B.R. 864 (Bkrtcy.M.D.Ga.1986); *In re Lumara Foods, Inc.*, 50 B.R. 809 (Bkrtcy.N.

D.Ohio 1985); *In re H & C Enterprises*, 35 B.R. 352 (Bkrtcy. Idaho 1983).

This court, however, elects to adopt the reasoning of other courts, which have held that such interest must be afforded the same priority as the debt itself. *See, e.g., United States v. Friendship College, Inc. (In re Friendship College)*, 737 F.2d 430 (4th Cir.1984); *In re Venable*, 48 B.R. 853 (S.D.N.Y.1985); *In re Allen*, 67 B.R. 46 (Bkrtcy.W.D.N.Y.1986); *In re General Polymerics Corp.*, 54 B.R. 523 (Bkrtcy. Conn.1985); *In re Pharmadyne Laboratories, Inc.*, 53 B.R. 517 (Bkrtcy.N.J.1985); *In re St. Louis Freight Lines, Inc.*, 45 B.R. 546 (Bkrtcy.E.D.Mich.1984).

It is helpful to examine the oft cited analysis of the Fourth Circuit in *Friendship College*, which states:

> Interest ... is not mentioned by the *Code*, but we find no support anywhere for differentiation in the treatment of the tax and the interest thereon.... To treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code. Instead, the only indication we have one way or the other suggests that interest should be first priority....

737 F.2d at 433 (emphasis in original). The Court's "indication" was the Senate proposal for section 503, which expressly provided for the inclusion of interest. S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. Although the original Senate draft included interest as an administrative priority, the treatment of interest was not included in the relevant portion of the House bill. H.R. Rep. No. 595, 95th Cong., 1st Sess. 355 (1977). Nor was interest mentioned in the

---

**2.** 11 U.S.C. § 503(b)(1) provides:

.    .    .    .    .

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:
(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or
(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable years to which such adjustment relates ended before or after the commencement of the case; and
(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

.    .    .    .    .

final compromise bill which later became law.

Section 503(b) "is derived mainly from section 64(a)(1) of the Bankruptcy Act, with some changes." S.Rep. No. 989, 95th Cong., 2d Sess. 66 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 355 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5852, 6311. Section 64(a)(1) also omitted the interest in its provisions. Nevertheless, the Supreme Court held in *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), that interest incurred during the Chapter XI proceeding is afforded priority status under section 64(a)(1). The legislative history of section 503 does not show that Congress intended to overturn *Nicholas.* *In re Bergin Corp.,* 77 B.R. 210, 211–12 (Bkrtcy.E.D.Wis.1987). The precedential value of *Nicholas* was also subscribed to by Judge Peter Elliott in his dissenting opinion in the Ninth Circuit's Bankruptcy Appellate Panel's decision, *Mark Anthony Constr., supra.*

The Bankruptcy Code, in setting forth the itemization of allowed administrative expenses in section 503(b), uses the term "including," a non-exclusive term in accordance with the Rules of Construction set forth in section 102(3) of the Code. Therefore, the statute's omission of interest does not necessarily preclude allowance. *In re Thompson,* 67 B.R. 1, 2 (Bkrtcy.N.D.Ohio 1984).

*In re American International Airways, Inc.,* 77 B.R. 490 (Bkrtcy.E.D.Pa.1987), observed the flexibility of section 503 and held that interest should not be allowed on administrative claims in the absence of extraordinary circumstances. In *International Airways,* the court directed an administrative claim be paid immediately upon becoming due. Breach of this order was found to satisfy the "extraordinary" criteria. Thus, the court allowed interest on the claim to also be treated as an administrative expense. The instant case is similar to *International Airways* in this regard. An order was signed by this court in the infancy of this case, as is done shortly after the commencement of every Chapter 11 case in this court, directing the debtor-in-possession to segregate and deposit all federal tax liabilities as they become due. Patco did not comply with this directive. Breach of this order is further reason to allow the taxing authorities interest for the debtor's noncompliance.

To disallow interest as an administrative expense would be contrary to the desired public policy. The effect of such a holding would be to grant the debtors an interest-free loan at the expense of both the government and the judicial process. *Thompson,* 67 B.R. at 2. Debtors who fail to timely pay their taxes during their Chapter 11 cases should not be relieved from paying interest on their arrearages as required of all other taxpayers. In fact, the integrity of the bankruptcy system demands that Chapter 11 debtors-in-possession pay their taxes on time. To treat the debtor otherwise would encourage debtors to delay paying their taxes and use the unpaid amounts to fund plans of reorganization. Allowing interest to accrue on post-petition taxes might encourage debtors to propose and confirm plans in a more expeditious manner. Therefore, this court finds that interest on post-petition tax arrearages should be given priority status.

With regard to the fines and penalties assessed on post-petition taxes, one need only to look to the pertinent statute for guidance. Section 503(b)(1)(C) plainly includes as administrative expenses "any fine, penalty or reduction in credit relating to a tax...." Therefore, priority status for such claims also cannot be denied. *See Bergin,* 77 B.R. at 211; *Hirsch–Franklin,* 63 B.R. at 870; *Pharmadyne,* 53 B.R. at 522.

## B.  *Pre-petition Taxes*

Taxes incurred by a debtor prior to the filing of a petition in bankruptcy are afforded priority status pursuant to section 507(a)(7) of the Bankruptcy Code.[3] Specifi-

---

**3.** 11 U.S.C. § 507(a)(7) provides in part:
(a) The following expenses and claims have priority in the following order:

cally enumerated under this provision is priority for penalties related to tax claims under section 507(a)(7) and which are in compensation for actual pecuniary loss. Again, section 507(a)(7) is silent with respect to the priority of interest on such tax deficiencies. As with post-petition arrearages, the debtor argues that there is no justification for granting such priority status to interest on this indebtedness. In support of its position, Patco cites *Razorback Ready–Mix Concrete Co. v. United States (In re Razorback Ready Mix Concrete Co.)*, 45 B.R. 917 (Bkrtcy.E.D.Ark. 1984). *Razorback* examined the legislative history of section 507(a)(7) and observed that the unenacted Senate version originally contained a provision for interest but was deleted deliberately in the final bill. *Id.* at 924. This, the court held, signalled Congress' intention not to allow the interest priority status along with the underlying taxes.

This argument was firmly rebutted in *United States v. H.G.D. & J. Mining Co. (In re H.G.D. & J. Mining Co.)*, 74 B.R. 122 (S.D.W.Va.1986), which found no evidence in the Bankruptcy Code or in the legislative history that Congress intended to treat interest on a tax claim differently than the claim itself. Other courts have generally adhered to this reasoning in granting a priority to interest on pre-petition taxes. *E.g., In re EEI Energy, Inc.*, 75 B.R. 637 (Bkrtcy.N.D.Ill.1987); *In re Unimet Corp.*, 74 B.R. 156 (Bkrtcy.N.D. Ohio 1987); *In re Keller & Katkowsky, P.C.*, 55 B.R. 155 (Bkrtcy.E.D.Mich.1985); *In re Palmer*, 53 B.R. 545 (Bkrtcy.N.D. Tex.1985), *aff'd*, Bkrtcy.L.Rep. (CCH) Para. 71,273 (N.D.Tex. June 24, 1986) [Available on WESTLAW, 1986 WL 9801]; *In re Healis*, 49 B.R. 939 (Bkrtcy.M.D.Pa.1985).

Another avenue which courts have used to allow an elevated standing for interest is by interpreting section 507(a)(7)(G) to include premiums for the use of money. This section provides for priority status for "a penalty related to a claim ... and in compensation for actual pecuniary loss." The actual pecuniary loss to a taxing entity for nonpayment of past due taxes is the opportunity cost of not using the money for the period of nonperformance. This is the precisely the loss which the penalty of interest is intended to compensate. *In re New England Carpet Co.*, 26 B.R. 934, 936–37 (Bkrtcy.Vt.1983). Moreover, pre-petition interest is, by its very nature, a penalty which is compensatory and not punitive in nature. *In re Reich*, 66 B.R. 554, 556–57 (Bkrtcy.Colo.1986). This is a very persuasive argument and one which this court lends great credence.

In the case at bar, Patco further seeks to reclassify, as general unsecured claims, the penalties and fines related to the pre-petition tax claims assessed by the federal and state taxing authorities. As shown, section 507(a)(7)(G) requires that for priority status to be conferred, a tax penalty must be compensatory and not punitive in nature. It is common to view fines and penalties assessed on tax deficiencies with a presumption they are punitive and the governmental unit needs to show otherwise to rebut the presumption. *See Hirsch–Franklin*, 63 B.R. at 874. In the instant case, neither the IRS nor the agencies of the State of New York have rebutted this presumption and it must therefore be concluded that the penalties are punitive rather than compensatory. In fact, the IRS concedes this point in its letter to the court dated September 21, 1987.

Furthermore, there is precedence for the assertion that in situations in which penal-

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
    (A) a tax on or measured by income or gross receipts—...

.    .    .    .    .

    (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition ...

.    .    .    .    .

    (G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

.    .    .    .    .

ties and interest are both assessed, a compensatory rule should not be assigned to both. *Hirsch–Franklin,* 63 B.R. at 873; *New England Carpet,* 26 B.R. at 936. Since this court holds that interest on the pre-petition tax claims in this instance is for compensation for the government's pecuniary losses, the court must also conclude that penalties on those claims are punitive and may be reclassified as general unsecured debts for the purposes of Patco's plan of reorganization.

Based on the foregoing, this court finds and concludes as follows:

1. The debtor's application to reclassify portions of the post-petition administrative tax claims which constitute interest and penalties as general unsecured debts is denied, and the same are classified as administrative expenses; and

2. The debtor's request to reclassify interest on pre-petition tax deficiencies as general unsecured claims is denied, and the same is classified as a priority claim; and

3. The debtor's application to reclassify penalties on pre-petition tax arrearages as general unsecured claims is granted.

Submit an Order in accordance with the foregoing.