**In re STAINLESS PROCESSING COMPANY, Debtor.**

**Bankruptcy No. 82 B 9204.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 14, 1989.

Christa A. Gruber, Chicago, Ill., for I.R.S.

Michael J. Golde, Towbin & Zazove, Ltd., Chicago, Ill., for Creditors' Committee.

Adelman & Gettleman, Inc., Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER DENYING THE OBJECTION OF THE UNSECURED CREDITORS' COMMITTEE

SUSAN PIERSON DeWITT, Bankruptcy Judge.

This matter comes before the Court on the Unsecured Creditors' Committee's Objection to the Internal Revenue Service's Claim, the Memorandum in Support of the Objection to the Internal Revenue Service's Claim and the United States' Brief in Opposition to the Creditors' Committee's Objection to the Internal Revenue Service's Claim. Now, therefore, for the reasons set forth below, the Objection is hereby denied.

### STATEMENT OF FACTS

On July 15, 1982, an Involuntary Petition for Relief was filed against the Debtor, Stainless Processing Company, and subsequently, the Debtor converted the case to a voluntary Chapter 11 proceeding.

After the Debtor converted its case to one under Chapter 11 of the Bankruptcy Code, it continued to operate the business as a debtor-in-possession and entered into a Cash Collateral Order with Continental Illinois National Bank and Trust Company of Chicago ("Bank"), the major secured creditor. Shortly thereafter, the Unsecured Creditors' Committee (the "Committee") was appointed, and because of certain objections of the Committee, the Cash Collateral Order was amended. As part of the amendment, the Debtor agreed to the modification of the automatic stay to permit the Bank to foreclose on its collateral, and the Debtor ceased operating its business.

Until the stay was modified, the Debtor continued to operate its scrap metal business and, accordingly, incurred administra-

tive expenses subject to payment in the ordinary course of business. From July 16, 1982 through December 31, 1982, the Debtor incurred approximately $20,000 in withholding taxes, an administrative expense.

On October 21, 1982, the Internal Revenue Service ("IRS") filed a Proof of Claim which asserted a priority and general unsecured claim for $203.35 for FUTA taxes incurred for 1981. On July 6, 1983, the IRS filed a Supplemental Proof of Claim which asserted an additional $19,859.16 for FUTA taxes incurred for 1982 and employment taxes for the third quarter of 1982. On February 9, 1988, the IRS filed an Amendment to the Proofs of Claims filed on October 21, 1982 and July 6, 1983. The Amendment, in the form of a Proof of Claim for $202.06, lists $32.26 in employment taxes and interest for the July 1 through July 15 portion of the third quarter of 1982 plus $169.80 in penalties. Furthermore, on February 9, 1988, the IRS filed a Request for Payment of Internal Revenue Taxes which asserted an administrative post-petition claim for $42,505.12, which included tax, interest and penalties owed, through March 30, 1988, for the July 16 through September 30 portion of the federal employment taxes for the third quarter of 1982, for the FUTA taxes for the period from July 16, 1982 through December 31, 1982 and for all of the 1983 FUTA taxes.

The IRS filed a Motion to Dismiss for failure to pay post-petition taxes, and the Court resolved the matter by entering an Agreed Order providing for the payment of the IRS's claim for post-petition taxes and penalties and reserving the decision as to whether the IRS is entitled to post-petition interest on the post-petition taxes as an administrative expense pending an objection to the claim. On March 8, 1988, the Committee filed an Objection to the IRS' Claim.

The Committee alleges that the IRS is not entitled to claim the post-petition interest on the post-petition taxes as an administrative expense because Section 503 of the Bankruptcy Code expressly includes only the post-petition tax and penalties as an administrative expense. On the other hand, the IRS alleges that it is entitled to classify the post-petition interest on the post-petition taxes as an administrative expense because the prior case law and the legislative history surrounding Section 503 of the Bankruptcy Code suggest that the Bankruptcy Code does include post-petition interest on post-petition taxes as an administrative expense.

## ISSUE

The sole issue before the Court is whether Section 503 of the Bankruptcy Code provides that interest on post-petition taxes is to be treated as an administrative expense.

## DISCUSSION

Pursuant to Section 503 of the Bankruptcy Code, post-petition taxes and penalties are allowed as administrative expenses. Section 503 provides:

§ 503. **Allowance of administrative expenses.**

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

. . . . .

(B) any tax—
(i) incurred by the estate, except for a tax of a kind specified in section 507(a)(7) of this title; ...

. . . . .

(C) any fine, penalty or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;

11 U.S.C. § 503 (1982 and Supp.1986) (emphasis added). Accordingly, if a debtor-in-possession incurs post-petition taxes, Section 503 expressly provides that those taxes and any penalties thereon are administrative expenses. However, Section 503 does not expressly provide that the post-petition interest on the post-petition taxes is an administrative expense.

Presently, there is a split between the courts as to whether interest on post-petition taxes is to be treated as an administrative expense. Several courts have held that because Section 503 of the Bankruptcy Code does not expressly include interest on post-petition taxes, the interest is not an administrative expense. *See, e.g., United States v. Tedlin (In re Mark Anthony Constr., Inc.)*, 78 B.R. 260 (9th Cir.1987); *Flatau v. Jackson (In re Hirsch–Franklin Enterprises, Inc.)*, 63 B.R. 864 (Bankr.M.D. Ga.1986); *In re Lumara Foods, Inc.*, 50 B.R. 809 (Bankr.N.D.Ohio 1985); *In re H & C Enterprises*, 35 B.R. 352 (Bankr.Idaho 1983).

However, this Court chooses to adopt the reasoning of those Courts that have held that interest on post-petition taxes is an administrative expense. *See, e.g., United States v. Friendship College, Inc. (In re Friendship College, Inc.)*, 737 F.2d 430 (4th Cir.1984); *In re Venable*, 48 B.R. 853 (Bankr.W.D.N.Y.1986); *In re Pharmadyne Laboratories, Inc.*, 53 B.R. 517 (Bankr.N.J. 1985); *In re St. Louis Freight Lines, Inc.*, 45 B.R. 546 (Bankr.E.D.Mich.1984).

In finding that interest on post-petition taxes is an administrative expense, the Court has examined the prior case law, the statutory authority, the legislative history and the public policy surrounding the enactment of Section 503 of the Bankruptcy Code. Section 503(b) of the Bankruptcy Code supercedes Section 64(a)(1) of the Bankruptcy Act which also failed to provide that interest on post-petition taxes was an administrative expense. Nonetheless, in 1966, the United States Supreme Court held that interest incurred during a Chapter XI proceeding is entitled to an administrative expense priority. *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). The legislative history behind Section 503 does not indicate any intent to overturn the *Nicholas* decision. *In re Patco Photo Corp.*, 82 B.R. 192, 195 (Bankr.E.D.N.Y.1988), *citing, In re Bergin Corp.*, 77 B.R. 210, 211–12 (Bankr.E.D.Wis. 1987). Additionally, Judge Elliott, the lone dissenter in the Ninth Circuit's Bankruptcy Appellate Panel's decision in the *Mark Anthony* case, gives great weight to the fact

that Congress did not expressly overrule the *Nicholas* case when it enacted Section 503 of the Bankruptcy Code, and he finds that interest on post-petition taxes is an administrative expense.

The fact that Congress did not intent to exclude interest on post-petition taxes as an administrative expense is further evidenced by the language of Section 503 of the Bankruptcy Code. Section 503 provides that "after notice and a hearing, a bankruptcy court shall allow administrative expenses, other than claims allowed under section 502(f) of this title, including" and then Section 503 goes on to set forth examples of administrative expenses. 11 U.S.C. § 503 (1982 and Supp.1986). Pursuant to Section 102(3) of the Bankruptcy Code, as a rule of construction, including, by definition, is not a limiting word. 11 U.S.C. § 102 (1982 and Supp.1986). Accordingly, the examples stated are not the only claims that a bankruptcy court may find to be administrative expenses.

Moreover, a review of the legislative history of Section 503, reveals that Congress did not intend to overrule the *Nicholas* decision and thus preclude interest on post-petition taxes from being an administrative expense. The original Senate bill expressly included interest as an administrative expense. S.Rep. No. 989, 95th Cong., 2d Sess. 66, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5852. However, the House bill failed to include interest as an administrative expense, H.R.Rep. No. 595, 95th Cong., 1st Sess. 355 (1977), 1978 U.S. Code Cong. & Admin.News 5787, 6311, and the final bill enacted into law also failed to include an express provision including interest on post-petition taxes as an administrative expense. Congress was fully aware of the *Nicholas* decision, and accordingly, this Court finds that if Congress intended to exclude interest it would have expressly done so in the final bill.

Furthermore, the public policy behind Section 503 would be violated if interest on post-petition taxes was not included as an administrative expense. "The effect of such a holding would be to grant the debtors an interest free loan at the expense of

**916**

both the government and the judicial process." *Patco,* 82 B.R. at 195, *citing, In re Thompson,* 67 B.R. 1, 2 (Bankr.N.D.Ohio 1984). In *Patco* the court further stated that:

> Debtors who fail to timely pay their taxes during their Chapter 11 cases should not be relieved from paying interest on their arrearage as required of all other taxpayers. In fact, the integrity of the bankruptcy system demands that Chapter 11 debtors-in-possession pay their taxes on time. To treat the debtor otherwise would encourage debtors to delay paying their taxes and use the unpaid amounts to fund plans of reorganization. Allowing interest to accrue on post-petition taxes might encourage debtors to propose and confirm plans in a more expeditious manner. Therefore, this court finds that interest on post-petition tax arrearage should be given priority status.

*In re Patco,* 82 B.R. at 195.

In conclusion, this Court finds that the prior case law, the statutory authority, the legislative history, and the public policy surrounding Section 503 clearly indicate that interest on post-petition taxes is an administrative expense. Had Congress intended to exclude interest, it would have expressly done so by overruling the *Nicholas* decision. Accordingly, the Objection to the Claim of the Internal Revenue Service is denied.

IT IS HEREBY ORDERED THAT the Unsecured Creditors' Committee's Objection to the Internal Revenue Service's Claim is denied.