In re Phillip David CHURCHILL and Shirley June Churchill, Rosewood Oil, Inc., Debtors.

R & K DRILLING COMPANY, Plaintiff,

v.

ROSEWOOD OIL, INC.; Phillip David Churchill and Shirley June Churchill, Defendants.

Bankruptcy Nos. BK 89–40244, BK 89–40242.

United States Bankruptcy Court, S.D. Illinois.

Jan. 30, 1990.

Bruce E. de'Medici, Chicago, Ill., for plaintiff and debtors.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

In September 1989, R & K Drilling Company ("R & K") filed a motion for adequate protection in which it alleged that, as the operator of oil wells in which the debtors held fractional working interests, it was entitled to reimbursement of operating expenses attributable to the debtors' interests and so should be afforded adequate protection as a condition of its continued operation of the wells for the benefit of the estate. At hearing on R & K's motion, the trustee and R & K agreed that R & K would be granted an administrative expense claim against the proceeds of the debtors' oil interests for the amount of operating expenses that had accrued since the filing of the debtors' petitions in bankruptcy. The parties did not settle, but left for resolution by the Court, the issue of whether R & K is entitled to be paid interest on its claim for administrative expenses.

In arguing that it should be allowed interest on its administrative claim for post-petition operating expenses, R & K notes that its right to reimbursement for operating expenses is based on the Illinois Oil and Gas Lien Act (Oil Lien Act), which entitles the operator of an oil and gas well to a lien for expenses incurred in the operation of the well. *See* Ill.Rev.Stat., ch. 82, ¶ 71, *et seq.* (1987). Section 2 of the Oil Lien Act

specifically provides for the allowance of interest on the amount of the lien.[1]  R & K asserts that since it would be entitled to interest on a lien claim for operating expenses under the Oil Lien Act, it should likewise be paid interest on its administrative claim, which represents the operating expenses to which it would be entitled under the Act.

■ R & K's right to interest on its administrative expense claim must be determined under state law, as the underlying right to payment of a claim in a bankruptcy case depends on whether the claimant is entitled to relief under substantive local law.  *Matter of Mandalay Shores Cooperative Housing Ass'n.*, 54 B.R. 632 (Bankr.M.D.Fla.1984).  In Illinois, it is well established that interest on amounts due is not recoverable unless there is a statute or agreement providing for such interest.  *City of Springfield v. Allphin*, 82 Ill.2d 571, 45 Ill.Dec. 916, 413 N.E.2d 394 (1980).  No agreement for the payment of interest has been asserted in the present case.  R & K however, cites section 2 of the Oil Lien Act as statutory authority for the allowance of interest on its administrative claim.

■ While section 2 of the Oil Lien Act does permit interest on a lien acquired under that Act, it is inapplicable to this case because R & K did not obtain an oil and gas lien as provided in the Act.  Section 8 of the Oil Lien Act sets forth the filing procedures for fixing and securing an oil and gas lien in order to enjoy the benefits of the Act.  *See* Ill.Rev.Stat., ch. 82, ¶ 78: person claiming a lien under section 2 must file with the county recorder a statement detailing the amount of the lien, the name of the owner of the land or leasehold, the name and address of the claimant, and a description of the land or leasehold.  Absent compliance with the Act, R & K can claim no lien under the Act and, accordingly, cannot invoke the provisions of section 2 allowing interest on amounts subject to such lien.

The trustee and R & K in this case reached an agreement that the operating expenses attributable to the debtors' oil interests would be accorded administrative expense priority in the payment of claims against the debtors' estates.  While R & K's administrative expense claim represents operating expenses for which R & K could have acquired a lien under state law, the administrative expense claim derives, not from the provisions of the Oil Lien Act, but from the parties' agreement.  R & K therefore, cannot look to that Act as statutory authority for the allowance of interest on its claim.  In the absence of a statute or agreement providing for interest on R & K's administrative expense claim, R & K is not entitled to such interest under the Illinois rule governing allowance of interest.  *See City of Springfield v. Allphin.*

R & K additionally cites cases dealing with interest on post-petition tax claims to support its contention that it should be paid interest on its administrative claim for post-petition operating expenses.  The cited cases, *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966); *Mark Anthony Construction, Inc.*, 886 F.2d 1101 (9th Cir.1989); and *In re Stainless Processing Co.*, 98 B.R. 913 (Bankr.N. D.Ill.1989), are distinguishable from the present case in that they deal with the specific issue of whether interest on post-petition tax claims may be accorded administrative expense priority under the relevant bankruptcy provisions.[2]

---

1. Section 2 provides in relevant part:
   Any person who shall, under contract with the owner of any land or leasehold for oil or gas purposes, ... perform labor or furnish materials, machinery, equipment, tools, or oil well ... supplies, used or employed ... in the ... operating ... of any oil or gas well upon such land or leasehold, ... shall be entitled to a lien under this Act for the amount due him for such material, machinery, equipment, supplies, or labor, *and interest from the date same was due.*

Ill.Rev.Stat., ch. 82, ¶ 72 (1987) (emphasis added).

2. The *Nicholas* court examined section 64(a), the administrative priority provision of the former Bankruptcy Act (11 U.S.C. § 104(a) (1964)), to find that the government could claim, as a first priority debt, interest on taxes that were due but unpaid during pendency of a Chapter 11 case.  The courts in *Stainless Processing* and *Mark Anthony* likewise found, under § 503(b)(1)(C) of the Bankruptcy Code (11

By contrast, the question in the instant case is whether R & K is entitled to interest on its administrative expense claim in the absence of statutory or contractual authority. Unlike tax claims, on which interest accrues pursuant to statute, R & K's claim for post-petition operating expenses is not an interest-bearing debt. While the parties have agreed to give this claim administrative expense priority, there is no basis on which to find that R & K is entitled to interest on this claim.

IT IS ORDERED, therefore, that the claim of R & K for interest on its administrative expense claim is DENIED.

U.S.C. § 503(b)(1)(C)) that interest on post-petition tax debts could be accorded administrative expense priority.