In re Patsy M. IANNOLO, Nancy
Iannolo, Debtor.

No. 95–60679.

United States Bankruptcy Court,
N.D. New York.

Feb. 20, 1998.

William Larkin, Assistant U.S. Attorney,
U.S. Department of Justice, Syracuse, NY.

James Selbach, Syracuse, NY, for Debtor.

Guy Van Baalen, United States Trustee,
Utica, NY.

Mackay, Caswell & Callahan, P.C.,William
F. Baker, Of Counsel, Attorney for Skanea-
teles Savings Bank, Syracuse, NY.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently before this Court is a motion filed on April 4, 1997, by Patsy M. Iannolo and Nancy Iannolo (collectively the "Debtors") to partially disallow the claim of the Internal Revenue Service ("IRS") for 941 taxes [1] for the first quarter of 1995 and post-petition interest in the amount of $4,594.88. The matter was originally scheduled to be heard on May 20, 1997, and was adjourned on the consent of the parties until June 3, 1997.

The Court heard oral argument on the motion on June 3, 1997, in Syracuse, New York. The parties were given the opportunity to file memoranda of law, and the matter was submitted for decision on July 8, 1997.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), and (b)(2)(B).

### FACTS

On March 3, 1995, the Debtors filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). The Court signed an Order, dated June 12, 1996, converting the case to a chapter 11. Subsequently, the case was converted to a chapter 7 by an Order of the Court, dated June 10, 1997.[2]

---

1. Specifically, the IRS seeks F.I.C.A. taxes which are calculated from information submitted to the IRS on Form 941.

2. Based upon the final conversion of the case to chapter 7, the Court inquired of the parties whether or not this contested matter should be removed from its list of submitted matters. The Debtors then withdrew their motion to partially

disallow the claim of the IRS in a letter to the Court, dated February 4, 1998. The chapter 7 trustee appointed to administer the case, Mary Leonard, Esq. ("Trustee"), however indicated to the Court in a letter, dated February 2, 1998, that the motion was still viable because she has available funds in the amount of $47,990.61. The Trustee also noted that she had nothing to add to

On February 24, 1997, the IRS filed a request for the payment of internal revenue taxes ("Request"). The Request seeks administrative expenses for, among other things, 941 taxes for the first quarter of 1995 in the amount of $2,177.55 (including $1,309.03 in tax, $292.55 in interest and $575.97 in penalties). The IRS filed an amended proof of claim on February 24, 1997, listing an unsecured priority claim in the amount of $1,940.78 for 941 taxes incurred during the first quarter of 1995; the IRS did not claim interest on this amount.[3] In the Request, the IRS also seeks administrative expenses for post-petition interest in the amount of $4,594.88 on taxes incurred by the Debtors from the first quarter of 1995 through the third quarter of 1996.

## DISCUSSION

■ The issue for determination is whether interest on post-petition taxes is an administrative expense. Administrative expenses are covered by Code § 503 and are entitled to first priority according to Code § 507(a)(1). Although the Code provides that taxes, fines and penalties are administrative expenses, the Code does not list interest as an administrative expense. See 11 U.S.C. § 503(b)(1)(B), (C). The Debtors argue in reliance on In re Luker, 148 B.R. 946, 952 (Bankr.N.D.Okla.1992), that interest on post-petition taxes is not an administrative expense. The IRS contends that according to contrary case law, it is clear that the IRS is entitled to interest on post-petition taxes as an administrative expense.

The Court previously addressed the issue in Craner v. Marine Midland Bank, N.A. (In re Craner), 110 B.R. 111, 120 (Bankr. N.D.N.Y.1988) and held that interest on post-petition taxes is an administrative expense.[4] The debtor there incurred liability for withholding taxes during its chapter 11 reorganization. See Craner, 110 B.R. at 113. The IRS sought the withholding taxes, including penalties and interest, as an administrative expense. See id. The Court based its holding on two grounds. See id. at 120. According to the Court, the term "including" which introduces the subsections of Code § 503 is non-exclusive. See id. at 120 (citing Code § 102(3)). Therefore, the Court determined that the plain language of Code § 503 "does not necessarily preclude the allowance of interest absent its explicit presence in the statute." Id. at 120 (citing Patco Photo Corp., 82 B.R. 192, 194–95 (Bankr.E.D.N.Y.1988)). The Court's second rationale was grounded in public policy. The Court concluded that interest on post-petition taxes should be an administrative expense in order to avoid providing debtors with "an interest free loan at the expense of the government and the judicial process." Id. (citing In re Patco, 82 B.R. at 195).

Subsequent to the Court's decision, three circuit courts addressed the issue and they all concluded, as this Court did in Craner, that interest on post-petition taxes is entitled to priority status as an administrative expense. See United States v. Flo–Lizer, Inc. (In re Flo–Lizer, Inc.), 916 F.2d 363, 366–67 (6th Cir.1990); United States v. Ledlin (In re Mark Anthony Constr. Inc.), 886 F.2d 1101,

---

the prior arguments and submissions of the parties. The IRS indicated in a letter to the Court dated January 30, 1998, that it maintains its previous position that interest on post-petition taxes is an administrative expense if the motion is not moot. Thus, the Court will proceed with a determination of the motion notwithstanding the Debtors expressed desire to withdraw the same.

3. At the hearing on the motion, the IRS pointed out that it filed a pre-petition proof of claim for the first two months of the first quarter of 1995, and therefore, it was seeking an administrative claim for only the post-petition portion of the first quarter of 1995, which is from March 3, 1995 through March 31, 1995. The Debtors conceded that the administrative claim was prop-

er to the extent that it covered only the post-petition portion of the first quarter of 1995. The claim of the IRS for administrative expenses for the post-petition portion of the first quarter of 1995 is allowable to the extent that it seeks taxes, fines and penalties. See 11 U.S.C. § 503(b)(1)(B)(C). The Court will determine whether post-petition interest is an administrative expense.

4. Prior to the Court's decision, one circuit court had addressed the issue. See United States v. Friendship College, Inc. (In re Friendship College, Inc.), 737 F.2d 430, 433 (4th Cir.1984) (holding that interest on post-petition taxes incurred by the debtor during chapter 11 reorganization is an administrative expense).

1102 (9th Cir.1989); *United States v. Cranshaw (In re Allied Mechanical Services, Inc.)*, 885 F.2d 837, 839 (11th Cir.1989). In the case of *Mark Anthony Const.*, the IRS sought interest on post-petition taxes incurred by the debtor while in a chapter 11 reorganization as an administrative expense. 886 F.2d at 1102. The court based its holding that interest on post-petition taxes is an administrative expense on three grounds. The court pointed out that a pre-code Supreme Court case held that interest on post-petition taxes incurred by the debtor while in the reorganization period was a first priority claim. *See id.* at 1103 (citing *Nicholas v. United States*, 384 U.S. 678, 686, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966)); *see also In re Allied Mechanical*, 885 F.2d at 839; *In re Flo–Lizer, Inc.*, 916 F.2d at 366. The court noted that according to a principle of statutory construction, statutes are not interpreted in derogation of the common law absent a clear intent from Congress. *See In re Mark Anthony Const.*, 886 F.2d at 1107 (citing *Finley v. United States*, 490 U.S. 545, 554, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)). Due to the fact that the court found no clear intention from Congress that it intended to overrule *Nicholas*, the court found that the common law rule survived the enactment of the Code. *See id.* at 1107 n. 9. The second basis for the court's holding was that a rule of law treating interest and penalties alike was "sensible in itself and consistent with the Code." *Id.* at 1108. The final ground for the court's conclusion was that treating interest in the same manner as the underlying tax was "consistent with the general treatment of taxes and interest in the Code, and in the tax laws." *Id.* at 1107.

Next the Court addresses the Debtors' argument that it should adopt the holding and rationale of the *Luker* case. In *Luker*, the debtor failed to pay taxes to the IRS while in a chapter 11 reorganization; therefore, the IRS sought interest on post-petition taxes as an administrative expense. 148 B.R. at 948. According to the *Luker* court, the Supreme Court held in *Nicholas* that during the reorganization period, interest on taxes was *sometimes* recoverable by the IRS. *See id.* at 950 (emphasis added). The court believed that the rule of law was based upon

the equitable principle of equal distribution among creditors; thus, one creditor should not be allowed to deplete the assets of the estate by recovering interest at the expense of other creditors receiving any money on their debt. *See id.* (citing *Nicholas*, 384 U.S. at 683–84, 86 S.Ct. 1674). The *Luker* court disagreed with the court in *Mark Anthony Const.* to the extent that the Ninth Circuit adopted a *per se* rule that interest on post-petition taxes is always an administration expense regardless of the harm to other creditors. *See id.* The court determined that if allowing the IRS to recover interest on post-petition taxes as an administrative expense would penalize the general unsecured creditors for delay which was not their fault, then the IRS must show why it should receive favored treatment at the expense of other creditors. *See id.* at 952. The *Luker* court found that the IRS was not entitled to post-petition interest as an administrative expense in that case because the IRS failed to adequately show that it was entitled to favored treatment at the other creditors' expense. *See* 148 B.R. at 952.

The Court finds the rationale of the court in *Luker* unpersuasive. Based upon an examination of *Nicholas*, the Court finds that the Supreme Court's discussion concerning the principle of equitable distribution among creditors was the rationale for why the government could not recover post-petition interest on *pre-petition taxes*. 384 U.S. at 683–84, 86 S.Ct. 1674. In fact, the rationale for the Supreme Court's holding was that interest on a debt accruing during reorganization "does not arise through a 'delay of law' ... [but] is incurred as part of a judicial process of rehabilitation of the debtor ...." *Id.* at 684, 86 S.Ct. 1674. Therefore, the Court concludes that a reading of *Nicholas* does not support the proposition that a court must consider the principle of equitable distribution before determining that interest on *post-petition taxes* is an administrative expense.

▪ In the matter before the Court, the IRS seeks interest on taxes incurred by the Debtors while they made an effort to reorganize in both chapter 13 and subsequently chapter 11. Similarly, the IRS sought inter-

est on taxes which accrued while the debtor was in chapter 11 reorganization in the *Craner* case as well as in the circuit court decisions that have decided the issue. The Court finds that the factual differences between the instant matter and those cases are inconsequential to a determination of the issue. The grounds on which the previous decisions relied did not hinge on any particular provision in the Code relating to chapter 11 reorganization. The courts interpreted a general provision of the Code which applies to all chapters. *See* 11 U.S.C. § 503. The Court finds that its previous rationale in *Craner* as well as the additional rationale relied upon in *Mark Anthony Const.* support the conclusion that interest on post-petition taxes incurred by a debtor while in a chapter 13 and/or a chapter 11 is an administrative expense.

Based on the foregoing, its is hereby

ORDERED that the Debtors' motion to disallow post-petition interest as an administrative expense is DENIED and it is further,

ORDERED that this determination shall be equally binding on the Chapter 7 Trustee.