**In re KENNEY'S FRANCHISE CORP., Debtor.**

**Bankruptcy No. 7–80–00243.**

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

April 13, 1982.

James F. Douthat, Roanoke, Va., and George A. McLean, Roanoke, Va., for debtor.

Donald W. Huffman, Roanoke, Va., Trustee.

J. D. Logan, III, Roanoke, Va., for Frigid Freeze Foods, Inc.

## MEMORANDUM AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Frigid Freeze Foods, Inc. seeks payment of an administrative claim for merchandise sold to the Debtor in the ordinary course of business pursuant to 11 U.S.C. § 364. 11 U.S.C. § 364 provides that where a trustee operates a business, he may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable as an administrative expense. The trustee acknowledges owing the principal amount of $10,316.56, but denies owing a computed 1½% service charge and 5% late penalty payments.

The trustee herein when appointed by the Court, was authorized with full powers to operate the business of the debtor. In that capacity the trustee continued a course of dealing begun by the debtor-in-possession of purchasing merchandise from Frigid Freeze with payment upon short-term billing. The evidence reflected that no service charges were made against the debtor-in-possession nor brought to notice of the trustee in connection with the amount due and owing prior to the asserting of the claim herein seeking payment of the principal, service charge and penalty. The trustee argues that he did not contract for the payment of a service charge or late charge and was not advised that such was being added. Frigid Freeze claims that the invoices reflected notice that a service charge would be made, as well as the late charge penalties, and hence, were binding on the trustee.

Frigid Freeze claims the service charge is due by virtue of Virginia Code § 6.1–330.20.

This section provides that any seller engaged in extension of credit under an open-end credit or similar plan under which a service charge is imposed may charge and collect a service charge not to exceed 1½% per month. Frigid Freeze further claims entitlement to a late charge fee pursuant to Virginia Code § 6.1–330.26. This section provides that a seller may impose a late charge for failure to make timely payment of any installment due upon an obligation provided the same does not exceed 5% of the amount of the installment and is specified in the contract between the parties.

■ It is the trustee's position that the charges were not made in the course of conduct between the parties prior to his appointment as trustee and that thereafter, the trustee had not consented to nor was he given notice of the assessment of service charges and penalty. In this connection it must be noted that 11 U.S.C. § 364(a) authorizes an administrative expense to an operating trustee with a priority as such upon unsecured credit incurred in the ordinary course of business. This does not necessarily imply that the trustee can incur credit obligations necessitating interest and other charges attendant thereto. The provision of § 364(b) authorizes the incurring of debt with attendant debt service; interest and charges only after notice and a hearing and with Court approval. This is in keeping with the statutory provisions of the Bankruptcy Act of 1898 and Court decisions construing the same. Under the prior Act § 264(a) authorized a debtor or trustee to incur indebtedness with express approval of the Court as to its terms and conditions. *See Union Trust Company v. Illinois Midland Railway Company,* 117 U.S. 434, 6 S.Ct. 809, 29 L.Ed. 963; 6 Collier on Bankruptcy (14th ed.) § 3.26 at 623 [hereinafter cited as Collier]. In the cited authorities the trustee must have approval and is confined to the strict limitations of the Court's order.

There is sound reason for a requirement that charges for debt service, whether it be denominated as interest, service charge or penalties, when asserted against assets of an estate in this Court, must receive a strict and limiting construction. If it is not approved or strictly authorized it should be disallowed. In many cases as in the case at bar, a conversion and liquidation may ensue. In that event, creditors including administrative expense creditors, are hopeful of receiving the principal amount of their debt. The hope of receiving the principal of such amount due should not be diluted by interest and penalty charges of other creditors which charges have not been approved by the Court nor consented to by the Trustee. The lender or supplier generally acts at its peril where it seeks without specific authority either of the Court or the trustee to assert debt service upon its obligation, whether it is interest, service charges or late charge penalties. *See* Collier, *supra; Standard Capital Corporation v. Saper,* 115 F.2d 383 (2d Cir. 1940).

■ From the foregoing, it appears that the service charges and late charge penalties were not only unauthorized, but indeed, the trustee claims the asserted charges were without notice or knowledge of the trustee, and accordingly, it is

### ORDERED

that the trustee forthwith disburse the principal sum due of $10,316.56 and the service charges and late charge penalties are disallowed.