In re MARK ANTHONY CONSTRUC-
TION, INC., Debtor.

UNITED STATES of America,
Appellant,

v.

Ian TEDLIN, Trustee, Appellee.

BAP No. EW–86–1358–MeEAs.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Nov. 21, 1986.

Decided Aug. 14, 1987.

Michael Kovach, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Joseph Harkrader, Spokane, Wash., for appellee.

Before MEYERS, ELLIOTT and ASHLAND, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This case presents the issue of whether interest on taxes accrued after the commencement of a Chapter 11 bankruptcy case is entitled to priority as an administrative expense. The trial court found that such interest is not entitled to priority status. We AFFIRM.

### II

#### FACTS

On September 8, 1981, the Debtor, Mark Anthony Construction, Inc. ("Debtor"), filed for bankruptcy under Chapter 11 of the Bankruptcy Code ("Code"). The Debtor continued to operate the business and incurred unpaid post-petition federal taxes in the amount of $9,708.95. Interest on these taxes accrued in the amount of $1,672.96 as of July 13, 1983, when the Debtor converted the case to Chapter 7.

The Government filed a proof of claim contending that the taxes and the interest thereon should be deemed an administrative expense pursuant to Section 503(b) of the Code. As such, they would be entitled to the highest priority under Section 507(a), after payment of all administrative expenses of the Chapter 7 proceedings have been satisfied. See 11 U.S.C. § 726(b). The Trustee, on the other hand, conceded that the post-petition taxes were entitled to administrative priority but argued that the interest on these taxes should not be granted the same status.

After hearing arguments on the issue, the trial court found that the interest on post-petition taxes was not entitled to a priority as an administrative expense. The Government now appeals.

### III

#### DISCUSSION

The sole issue before this Panel is whether the interest on post-petition tax liabilities, incurred during a Chapter 11 proceeding, is an administrative expense entitled to first priority under Sections 503(b)(1)(B) and 507(a)(1) of the Code.

Section 503 sets out the administrative expenses which, under Section 507, are accorded first priority in the payment of claims. Section 503 states in relevant part:

(b) After notice and a hearing, there shall be allowed administrative expenses other than claims allowed under section 502(f) of this title, including—

(1)(B) any tax—

(i) incurred by the estate, except as a tax of a kind specified in section 507(a)(6) of this title.

(C) any fine, penalty or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph [.]

11 U.S.C. § 503(b)(1). This statute awards administrative priority status to post-petition taxes and tax penalties. *Matter of Lumara Foods of America, Inc.*, 50 B.R. 809, 816 (N.Ohio 1985); *In re St. Louis Freight Lines, Inc.*, 45 B.R. 546, 549 n. 5 (E.Mich.1984). It is silent, however, on the issue of the payment of interest on the post-petition taxes.

The Code does not expressly provide for interest on post-petition taxes to be treated as an administrative expense. Consequently, the courts have split over whether to

grant administrative priority status to interest on unpaid post-petition taxes. 3 *Collier on Bankruptcy*, ¶ 503.04 at 503–39 (15th ed. 1987). The Fourth Circuit Court of Appeals has held in a similar case that interest on post-petition taxes is entitled to administrative priority. *United States v. Friendship College, Inc.*, 737 F.2d 430, 433 (4th Cir.1984). *Accord, Matter of Pharmadyne Laboratories, Inc.*, 53 B.R. 517, 523 (N.J.1985); *In re General Polymerics Corp.*, 54 B.R. 523, 525 (Conn.1985). However, other courts have reached the opposite conclusion favoring the analysis found in *In re Stack Steel & Supply Co.*, 28 B.R. 151, 156 (W.Wash.1983). *Accord, Matter of Lumara Foods of America, Inc., supra,* 50 B.R. at 817; *Matter of Hirsch-Franklin Enterprises, Inc.*, 63 B.R. 864, 870 (M.Ga. 1986).

### A. *Bankruptcy Act*

In our review we note that the Bankruptcy Act ("Act"), like the Code, had no provision specifically permitting post-bankruptcy interest on claims in general or tax claims in particular. *See New York v. Saper*, 336 U.S. 328, 331, 69 S.Ct. 554, 556, 93 L.Ed. 710 (1949). Under the Act the courts adhered to the equitable principle that interest did not generally accrue after a bankruptcy petition was filed. *Sexton v. Dreyfus*, 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244 (1911) (Holmes, J.). The denial of post-petition interest on claims was based on the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience. *Bruning v. United States*, 376 U.S. 358, 362, 84 S.Ct. 906, 908, 11 L.Ed.2d 772 (1964).

Over the course of the development of the treatment of claims for post-petition interest several exceptions allowing such claims were created by case law based on equitable considerations. One long established exception directed that when an estate proved to be solvent, with sufficient assets to pay all claims in full, then creditors were entitled to receive post-petition interest before any surplus would be returned to the bankrupt. *See American Iron & Steel Mfg. Co., v. Seaboard Air Line R. Co.*, 233 U.S. 261, 267, 34 S.Ct. 502, 504, 58 L.Ed. 949 (1914); *Debentureholders v. Continental Inv. Corp.*, 679 F.2d 264, 269 (1st Cir.1982); *In re F.P. Newport Corp.*, 123 F.Supp. 95, 99 (S.Cal.1954). Post-petition interest was allowed on secured claims if they were oversecured or where the collateral produced income which could be used to satisfy interest charges. *See Matter of Walsh Const., Inc.*, 669 F.2d 1325, 1330 (9th Cir.1982). Also, under *Nicholas v. United States*, 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966), post-petition interest was allowed on taxes incurred during Chapter XI proceedings. The entitlement to interest was only for the duration of the Chapter XI, being suspended upon the adjudication of the debtor as a bankrupt. 384 U.S. at 689–90, 86 S.Ct. at 1682–83.

### B. *Bankruptcy Code*

In enacting the Code in 1978, it does not appear that Congress intended to deviate substantially from the prior case law developed rules concerning post-petition interest. *Liberty Nat. Bank & Trust Co. v. George*, 70 B.R. 312, 315 (W.D.Ky.1987). Thus, like under the Act, as a general rule interest on post-petition debts is not available in bankruptcy in order to further the concept of ratable distribution. *Securities Investor Protect. v. Ambassador Church*, 788 F.2d 1208, 1212 (6th Cir.1986); *In re Lift & Equipment Service, Inc.*, 816 F.2d 1013, 1018 (5th Cir.1987). Moreover, the Code continues the equitable approach that the award of post-petition interest is dependent upon the equities of the case. *In re San Joaquin Estates, Inc.*, 64 B.R. 534, 536 (9th Cir.BAP 1986).

Under the equitable approach of the Code the discretion vested in the bankruptcy court is not as broad as before since Congress has chosen to codify several of the judge made rules developed under the Act. Section 726(a)(5) of the Code continues the rule that payment of interest on creditors' claims will be made from a solvent estate before any assets will be allowed to be returned to the debtor. Section 506(b) of the Code established that

post-petition interest will be paid on secured claims where the collateral generates income to provide for the payment or the claim is oversecured. *See Securities Investor Protect. v. Ambassador Church, supra,* 788 F.2d at 1211 n. 4; *In re Anderson,* 69 B.R. 105, 108 (9th Cir.BAP 1986).

Along with the adoption of these Act era rules, the United States Senate's initial version of the Code would have allowed interest on post-petition taxes as a cost of administration under Section 503. This proposal would have been more extensive than that announced in *Nicholas v. United States, supra,* 384 U.S. 678, 86 S.Ct. 1674. However, the United States House of Representatives refused to accede to this Senate proposal and it was not included in the final enactment of the Code. 3 *Collier on Bankruptcy, supra,* ¶ 503.04[c] at 503–39. Therefore, there is nothing in the Code requiring the payment of interest to those holding administrative expense claims, be they for taxes or otherwise. *In re John Clay and Co.,* 43 B.R. 797, 812 (Utah 1984).

We have established that the Code does not specifically require the payment of interest on post-petition tax claims. However, the payment of post-petition interest may be an inherent requirement of other provisions of the Code. For instance, under Section 1129(a)(9)(C) of the Code, it has been determined that it is necessary to provide post-confirmation interest on deferred tax claims so as to assure that the taxing authorities receive the full value of their claims. *See In re Welco Industries, Inc.,* 60 B.R. 880, 882 (9th Cir.BAP 1986); *In re Camino Real Landscape Maint. Contractors,* 818 F.2d 1503, 1505 (9th Cir. 1987).

Of more immediate interest to our review are the provisions of Section 364 of the Code which deal with the obtaining of credit. Pursuant to Section 364, a trustee or debtor in possession, operating a business, may obtain unsecured credit or incur unsecured debt if done in the "ordinary course of business." 11 U.S.C. § 364(a). The discretion granted by Section 364(a) allowing such debt as an administrative expense

does not require notice to creditors or prior court approval. 2 *Collier on Bankruptcy,* ¶ 364.02, 364–1, 364–6 (15th ed. 1987). The companion Section 364(b) deals with post-petition obligations not incurred in the ordinary course of business. Transactions authorized under Section 364(b) require prior court authorization. *See 2 Collier on Bankruptcy, supra,* ¶ 364.03 at 364–7. Neither subsection contains any specific reference regarding post-petition interest. Given the ordinary course of business qualification of Section 364(a), it does not appear that it would authorize incurring debts which could not be satisfied on a current basis without interest charges. *See In re Kenney's Franchise Corp.,* 21 B.R. 461, 462 (W.D.Va.1982). On the other hand, Section 364(b) does anticipate prior judicial review before any transaction would be authorized. During this application process the court would have the opportunity to exercise its equitable discretion in determining if incurring credit with an interest obligation would be appropriate. If so authorized, the interest would be then entitled to administrative expense priority status as a necessary expense under Section 503(b).

In this case the debtor in possession became obligated for certain withholding and FICA taxes which were not remitted prior to the Chapter 11 proceedings being converted to Chapter 7 status. The taxes here were incurred as part of operating the business and are entitled to the administrative priority granted by Section 364(a). But the failure to pay these taxes timely, part of which are "trust fund" taxes withheld from employees, was never authorized by the bankruptcy court. The debtor in possession not having any authority to accrue this tax liability on any other than a current payment basis, then there is no authority for the accrual of interest thereon as an administrative expense.

The Government argues that bankruptcy courts should grant priority to interest on all post-petition debt to encourage creditors to deal with financially troubled debtors. The Panel rejects this approach as it would not be in accord with the statutory scheme Congress has enacted. Encouraging trust-

ees or debtors in possession to be dilatory in the remitting of payroll taxes would not forward the purposes of Chapter 11 proceedings. While it is conceivable that in some rare instances "borrowing" from tax authorities in this manner might be in the best interests of all parties, such an extraordinary action must receive the prior imprimatur of the court under Section 364(b). Once this authority is achieved, then interest charges on the obligation would be entitled to priority as a Chapter 11 administrative expense.

In determining to reject the Government's claim, we are well aware of the contrary authority found in the Fourth Circuit Court of Appeals decision of *United States v. Friendship College, Inc., supra,* 737 F.2d 430. In the interest of uniformity, we recognize that the Panel should follow the decisions of other federal appellate courts unless satisfied that they are erroneous. *In re Nelson,* 59 B.R. 417, 419 (9th Cir.BAP 1985). We are so satisfied. The Fourth Circuit erroneously relied on the language found in the Report of the Senate Judiciary Committee, S.Rep. No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5787, but not found in the House Report, stating that interest on post-petition taxes and penalties would also be granted administrative expense priority under Section 503. This reference was in support of language contained in the Senate's proposed bill which was not included in the final enactment of the Code. *See In re Stack & Supply Co., supra,* 28 B.R. at 156; *Matter of Lumara Foods of America, Inc., supra,* 50 B.R. at 817; *Matter of Hirsch-Franklin Enterprises, Inc, supra,* 63 B.R. at 870. Likewise, the reliance by the Government and the dissent on *Nicholas v. United States, supra,* 384 U.S. 678, 86 S.Ct. 1674 is misplaced for that Act case stood for the very rule granting interest on post-petition debts that the Senate attempted to incorporate into the Code and failed.

In conclusion, we find that the trial court did not abuse its discretion in refusing to recognize a claim for interest on unpaid post-petition payroll taxes where no prior judicial approval had been obtained authorizing delay in payment. As a matter of equity, the failure of the debtor in possession to remit these taxes timely could not be considered an appropriate means to attempt a reorganization. The trial court correctly ruled that the accrual of interest on these unpaid taxes, under these circumstances, could not be considered a necessary expense of "preserving the estate" under Section 503(b).

AFFIRMED.

ELLIOTT, Bankruptcy Judge, dissenting:

I respectfully dissent. I believe we are bound by the decision in *Nicholas v. U.S.,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). The majority reasons that because Congress did not expressly adopt the rule of that case as suggested in the Senate version of § 503 of the Code that the rule was abrogated.

I suggest that to the contrary, that if Congress amends the laws without expressly abrogating relevant case law that the case law has continuing vitality. *Laird v. Nelms,* 406 U.S. 797, 802, 92 S.Ct. 1899, 1902, 32 L.Ed.2d 499, reh. den. 409 U.S. 902, 93 S.Ct. 95, 34 L.Ed.2d 165 (1972).

I would reverse and remand for allowance of interest on post-petition taxes as a priority claim under 11 U.S.C. § 503.