897 F.2d 433
 65 A.F.T.R.2d 90-820, 58 USLW 2570, 90-1
USTC P 50,317,
20 Bankr.Ct.Dec. 293, Bankr. L. Rep. P 73,315
 In re MAJOR DYNAMICS, INC., a California corporation, Debtor.
OFFICIAL CREDITORS COMMITTEE, Plaintiff,
v.
Herbert TUCHINSKY, Defendant-Third-Party Plaintiff/Appellant,
v.
Martin GOLDBERG, Trustee of the Estate of Major Dynamics,
Inc., Debtor, Third-Party Defendant/Appellee.
 No. 88-5610.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 6, 1989.
Decided Feb. 28, 1990.
 
 William O. Ward, III, Soloman, Ward, Seidenwurm & Smith, San Diego, Cal., for defendant-third-party plaintiff/appellant.
 Kevin J. Hoyt, Estes & Hoyt, San Diego, Cal., for third-party defendant/appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before GOODWIN, Chief Judge, SCHROEDER and O'SCANNLAIN, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 This is a declaratory relief action in which the former president of the debtor in possession contends that the trustee in bankruptcy breached a duty to pay over to the federal and state government taxes withheld from employees during the former president's operation of the company.
 
 
 2
 We are asked to decide whether post-petition withholding subjects such funds to a trust created in favor of the Internal Revenue Service ("IRS") (at least so far as federal tax is concerned) or whether such funds are merely subject to a priority among competing claims against the bankrupt estate.
 
 
 3
 * Tuchinsky operated Major Dynamics, Inc. ("debtor") as president and chief executive officer from shortly before the debtor filed a petition in Chapter 11 on March 16, 1981 until April 1, 1982. During his term in office, Tuchinsky withheld taxes from wages paid to the debtor's employees, as required by state and federal tax laws. Tuchinsky, however, did not segregate the withheld funds; he commingled them with other monies in the debtor's operating account.
 
 
 4
 On April 2, 1982, the bankruptcy court removed Tuchinsky as president and chief executive officer and appointed Goldberg as trustee. Goldberg alleges the he became aware that funds in the debtor's operating account included withheld taxes only at the end of April, 1982 while preparing the Employer Quarterly Tax Return. By that time, Goldberg alleges, he had spent the money, previously turned over to him, operating the debtor's business. Thereafter, Goldberg decided not to remit the withholding taxes and instead continued the debtor's operations. Goldberg generated approximately $1,500,000 in gross revenues, but he paid out almost all of this money to satisfy operating expenses. Taxes withheld from employees during Tuchinsky's tenure have not yet been remitted to the federal and state governments.
 
 
 5
 Goldberg proposes to pay over the withheld taxes as administrative expenses of the Chapter 11 plan with a first priority under 11 U.S.C. Sec. 507(a)(1). Tuchinsky's dilemma arises because the bankruptcy estate does not have sufficient funds to pay all administrative expenses of the same priority in full. Apparently there is about $100,000 in the estate and over $500,000 in claims. This insufficiency of funds exposes Tuchinsky to potential personal liability for the taxes and penalties as a "responsible person" under 26 U.S.C. Sec. 6672. The IRS (not a party to this litigation) has already assessed a 100% penalty against Tuchinsky totaling $72,014.12 in addition to asserting his liability for the taxes withheld. If the withheld taxes constituted a fund held in trust for the government, presumably Tuchinsky might have rights against Goldberg for breach.
 
 
 6
 On November 22, 1982, Tuchinsky filed this third-party complaint against Goldberg for declaratory relief, indemnity, and contribution. The bankruptcy court granted summary judgment in favor of Goldberg with respect to the first (declaratory relief) and third (contribution) claims for relief. It denied, however, the motion for summary judgment on the second claim for relief (indemnity), finding that there were material issues of fact precluding summary judgment. See In re Major Dynamics, Inc., 59 B.R. 697 (Bankr.S.D.Cal.1986). The bankruptcy court later issued an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Rule 7054 of the Rules of Bankruptcy Procedure entering final judgment with respect to the first and third claims for relief so that those rulings could be interlocutorily appealed to the district court.
 
 
 7
 On December 3, 1987, the district court filed a Memorandum Decision affirming the rulings of the bankruptcy court. Tuchinsky timely filed his notice of appeal. We have jurisdiction under 28 U.S.C. Sec. 158(d) and we affirm.
 
 II
 
 8
 Tuchinsky argues that he is entitled to a declaratory judgment that the taxes withheld by the debtor in possession constituted a fund held in trust under 26 U.S.C. Sec. 7501 in favor of the IRS.[1] Goldberg disagrees, stating that the withholding funds are part of the bankruptcy estate and subject to the Bankruptcy Code's system of priorities. We agree with Goldberg.
 
 
 9
 Under the Bankruptcy Code, a claim by a federal or state tax agency for post-petition taxes withheld by the debtor in possession receives a first lien priority status. United States v. Friendship College, Inc., 737 F.2d 430, 432 (4th Cir.1984).[2] Section 507(a)(1) grants a first lien priority to "administrative expenses allowed under section 503(b)." Under section 503(b)(1)(B)(i), the "administrative expenses" include "any tax incurred by the estate, except a tax of a kind specified in Sec. 507(a)(7) of this title." The phrase "incurred by the estate" refers to post -petition liabilities, since an "estate," by definition, does not arise until the debtor has filed in bankruptcy. Id.[3] Conversely, section 507(a)(7)(C) excludes from this category taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." The phrase "for which the debtor is liable" in section 507(a)(7)(C) refers to pre-petition liabilities. Id.
 
 
 10
 Applying this reasoning to the case before us, we must conclude that Tuchinsky is not entitled to a declaratory judgment that the withheld taxes are subject to a Revenue Code section 7501 trust. Tuchinsky withheld payroll taxes in the post-petition period. Under section 503(b)(1)(B)(i), the liability for payment over of these withheld taxes was "incurred by the estate." Thus, the withheld funds are subject to the system of priorities set out in the Bankruptcy Code and no Revenue Code section 7501 trust arises.[4] Tuchinsky's declaratory relief action must fail.
 
 
 11
 There is further authority to support our decision. We recently held that a section 7501 trust cannot arise unless the withholding funds are either segregated or traceable. In re R & T Roofing Structures & Commercial Framing, Inc., 887 F.2d 981, 986 (9th Cir.1989); see also United States v. Randall, 401 U.S. 513, 515-17, 91 S.Ct. 991, 993-94, 28 L.Ed.2d 273 (under Bankruptcy Act, government was not entitled to statutory trust when debtor failed to segregate post-petition withholding tax funds); Drabkin v. District of Columbia, 824 F.2d 1102, 1115 (D.C.Cir.1987) (tracing of pre-petition withholding funds is required, but the government is entitled to make "reasonable assumptions"). Since the debtor in possession did not segregate the withholding tax fund and this money is not traceable, no section 7501 trust arises.[5]
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Revenue Code section 7501(a) states, in part, that "[w]henever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States."
 
 
 [2]
 There are numerous bankruptcy cases that take the same position on post-petition withholding as the court in Friendship College. See, e.g., Matter of Pharmadyne Laboratories, Inc., 53 B.R. 517, 520 (Bankr.D.N.J.1985); In re General Polymerics Corp., 54 B.R. 523, 525-26 (Bankr.D.Conn.1985); In re Lumara Foods of America, Inc., 50 B.R. 809, 816 (Banr.N.D.Ohio 1985); In re W.L. Jackson Mfg. Co., 50 B.R. 506, 509 (Bankr.E.D.Tenn.1985); In re St. Louis Freight Lines, Inc., 45 B.R. 546, 549-505 (Bankr.E.D.Mich.1984)
 The government did not argue in Friendship College that it was entitled to a trust under section 7501, but the reasoning of the court is nevertheless applicable to the instant case.
 
 
 [3]
 See also In re Mark Anthony Construction, Inc., 886 F.2d 1101, 1101 (9th Cir.1989) ("[i]t is explicit in the Bankruptcy Code ... that the taxes which accrue after the filing of ... a petition are treated as administrative expenses"). In Mark Anthony Construction, this court held, consistently with this opinion, that interest accrued on post-petition taxes are to be treated as administrative expenses and given a first priority status
 
 
 [4]
 Bankruptcy Code section 541(d) is not to the contrary. That section involves "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title" (emphasis added). By its own terms, section 541(d) applies only to property acquired by the debtor in the pre-petition period. In the instant case, of course, we deal with post-petition withholding
 
 
 [5]
 Because we hold that Goldberg did not breach a trust duty, we need not decide whether Goldberg is liable for contribution to Tuchinsky