In re MARINER ENTERPRISES OF PENSACOLA, INC., Debtor.

Bankruptcy No. 89–04620.

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Oct. 26, 1994.

David Fleming, Gulf Breeze, FL, for debtor.

Mark Freund, Tallahassee, FL, trustee.

### MEMORANDUM OPINION ON THE ALLOWANCE OF ADMINISTRATIVE EXPENSES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAME on for hearing on the motion of the Chapter 7 trustee, Mark Freund to determine the allowance of administrative expenses in the Chapter 11 case which preceded the conversion of this case to Chapter 7. David Fleming, Esq., attorney for the debtor-in-possession during the administration of the Chapter 11 has objected to the allowance of certain tax claims as administrative expenses.

### FINDINGS OF FACT

Mariner Enterprises of Pensacola, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code and Fleming was authorized to serve a counsel for the debtor-in-possession. During the course of the attempted reorganization, the debtor-in-possession incurred liabilities for unpaid sales taxes

to the Florida Department of Revenue in the amount of $357,950.77 and for unpaid employee withholding taxes (Form 940 and 941 taxes) due the Internal Revenue Service in the amount of $296,638.80. Also during the attempted reorganization, I awarded a total of $67,132.34 in attorney's fees to Fleming and Ronald Bergwerk, Esq., co-counsel for the debtor-in-possession. These fees remain unpaid.

After payment of the expenses of the Chapter 7 case, the trustee will have available for payment of Chapter 11 administrative expenses the sum of $84,682.99 which he has proposed to distribute on a pro-rata basis. Fleming (on his own behalf as an administrative claimant) has objected to the proposed distribution and to the allowance of the unpaid post-petition tax liabilities as administrative expenses of the Chapter 11. If successful in his objection, Fleming asserts that he receive payment of the full amount of his fees rather than having to share in a pro-rata distribution with more than $650,000 in additional claims. The thrust of Fleming's objection is that since the tax liabilities were incurred in direct violation of a court order requiring the debtor-in-possession to pay its taxes on a timely basis, they somehow lose their administrative expense status.

### DISCUSSION

■ Section 726 of the Bankruptcy Code mandates that a Chapter 7 trustee must first distribute property to pay claims "of the kind specified in, and in the order specified in, section 507 of this title." 11 U.S.C. § 726 (1994). Section 507(a)(1) grants first priority in distribution to "administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under Chapter 123 of title 28." 11 U.S.C. § 507(a)(1) (1994). Section 503(b), in turn, provides for the payment of administrative expenses, including, in pertinent part, "any tax incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or ... any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph." 11 U.S.C. § 503(b)(1)(B)(i) (1994). Several governmental claims are excepted from first pri-

ority treatment, but the only relevant ones are for taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(7)(C) (1994). These taxes, along with others, are accorded seventh priority in a Chapter 7 distribution. *Id.*

■ The difference between the entity responsible for incurring the taxes under 503(b)(1)(B)(i) and 507(a)(7)(C) is the key to this discussion. Section 507 refers to liabilities that are the *debtor's* responsibility, while section 503 refers to liabilities incurred by the *estate.* Thus, higher priority is given to those necessary expenses that are incurred after a petition in Bankruptcy has been filed. *See Hy–Test, Inc. v. Mo. Dep't of Revenue (In re Interco Inc.),* 143 B.R. 707, 714 (Bankr.E.D.Mo.1992) (taxes on prepetition income accorded seventh priority status, while taxes on postpetition income considered administrative expenses).

This distinction was specifically addressed in *United States v. Friendship College, Inc. (In re Friendship College),* 737 F.2d 430 (4th Cir.1984). The court focused on the differences between the phrases "for which the debtor is liable," and "incurred by the estate." Because the estate does not exist until after the petition is filed, the court recognized that two different entities were involved. *Id.* at 431. The court acknowledged that the statute was ambiguous enough to examine legislative history, but was satisfied that the accumulated interest on post-petition taxes, as well as the taxes themselves, were a first priority administrative expense. *Id.* at 432.

Other authority also provides additional support for this conclusion. It should be noted that the Supreme Court had made it relatively clear under the Bankruptcy Act that postpetition employment taxes, and the interest accruing on them, were entitled to administrative expense priority. *See Nicholas v. United States,* 384 U.S. 678, 686, 86 S.Ct. 1674, 1681, 16 L.Ed.2d 853, 860–61 (1966) (interest should accumulate throughout reorganization period for debts incurred during reorganization). Congress did not express any intent to overrule the case after the passage of the Code. *E.g., In re Stan-*

*dard Johnson Co., Inc.*, 90 B.R. 41, 42–43 (Bankr.E.D.N.Y.1988). Therefore, *Nicholas* is still good law and should be considered binding precedent. *Id., see also United States v. Flo–Lizer, Inc. (In re Flo–Lizer, Inc.)*, 916 F.2d 363, 365–66 (6th Cir.1990); *In re Mark Anthony Construction Co.*, 886 F.2d 1101, 1107 (9th Cir.1989).

Finally, the Eleventh Circuit adopted a nearly identical holding to *Friendship College* in *United States v. Cranshaw (In re Allied Mechanical Services, Inc.)*, 885 F.2d 837 (11th Cir.1989). That holding was recently reaffirmed. *See Varsity Carpet Services, Inc. v. Richardson (In re Colortex Industries, Inc.)*, 19 F.3d 1371, 1379 (11th Cir.1994). Both cases recognize the validity of according first priority status to interest assessed on administrative expenses, including postpetition tax liabilities. *Compare Varsity Carpet*, 19 F.3d at 1379 with *Cranshaw*, 885 F.2d at 839.

It is clear that post-petition taxes themselves are a non-issue, particularly in the Eleventh Circuit. Unfortunately, Fleming has not seen it that way. The main thrust of Fleming's argument offers the novel legal principle that if the estate violates a court order to pay withholding taxes, the estate itself is no longer responsible. Then Fleming argues that because the estate violated a court order, and despite the fact the liabilities were incurred by the estate postpetition, the Debtor has become the party that is primarily responsible for the arrearage. Fleming's argument is illogical. How could any court order be enforced if the parties responsible were suddenly able to remove themselves from the equation for the sole reason that they were the ones who violated the order? I find nothing in the Bankruptcy Code or case law that even remotely suggests such a result. In fact, the case law is directly against Fleming on this point.

One court, considering the language "taxes incurred by the estate," has held that

> [t]his language expressed a clear intention to make postpetition taxes first priority claims. We are not impressed by the argument that taxes which are withheld or collected by the Debtor are incurred by third parties, so that § 503(b)(1)(B) should

be taken as excluding postpetition withholding and collection taxes. The employer is liable for the payment of taxes which are required to be deducted or withheld.

*In re Gould & Eberhardt Gear Machinery Corp.*, 69 B.R. 944, 945–46 (Bankr.D.Mass. 1987). I am equally underwhelmed by the similar arguments offered by Fleming. The Bankruptcy Code directs "any tax incurred by the estate," save a few exceptions, to be paid as administrative expenses. 11 U.S.C. § 503(b)(1)(B)(i) (1994). The violation of a court order does not create a situation where the taxes were never validly "incurred" by the estate. *Gould & Eberhardt*, 69 B.R. at 945–46. The cases cited above should have made the answer clear to Fleming. Put simply, if the estate is liable for taxes, the estate is responsible if they go unpaid. *Id.*

Fleming claims that a case from the Ninth Circuit's Bankruptcy Appellate Panel provides some support for his position. The Panel held that *interest* on a post-petition tax liability was not an administrative expense. *United States v. Tedlin (In re Mark Anthony Construction, Inc.)*, 78 B.R. 260, 263 (9th Cir. BAP 1987). However, Fleming neglects to point out that the court directly acknowledged that section 503(b)(1) grants administrative priority status to the taxes themselves. *Id.* at 261. Even more telling is that this particular case was reversed. *United States v. Ledlin (In re Mark Anthony Construction, Inc.)*, 886 F.2d 1101 (9th Cir.1989). It is difficult to comprehend Fleming's use of this case in support of his argument.

Fleming also asserts that the taxing authorities should police the Debtor to insure compliance with the order providing for postpetition withholding taxes. Fleming should have been aware that no such requirement exists in the Bankruptcy Code or case law. In fact, it appears Congress was well aware of these practices when enacting the priority scheme:

> 'In business cases, however, it is a frequent occurrence that the business will stop paying its taxes before it stops paying its other creditors, because the officers of the business know that detection of nonpayment is more difficult for the taxing

authority than it is for a supplier or lender, and that an unpaid supplier quickly stops shipping goods, though an unpaid taxing authority is usually unable to take collection action for months.'

*U.S. v. Flo–Lizer, Inc. (In re Flo–Lizer, Inc.),* 916 F.2d 363, 365–66 (6th Cir.1990) (*quoting* H.R.Rep. No. 595, 95th Cong., 1st Sess. at 193 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963 at pp. 6153–54). The *Flo–Lizer* court used this passage to show that the government's position was at a disadvantage compared with other creditors, supporting first priority status for postpetition interest on federal employment taxes. *Id.* Fleming has not supplied any authority for his contrary position. Therefore, I find his argument without merit.

■ Finally, Fleming questions "whether Congress intended to include 'trust fund' liabilities within the meaning of the word 'tax' for purposes of section 503(b)(1)(B). . . ." (Fleming Objection, at 3). Fleming is fortunate that his argument is unpersuasive on this point. It is true that a payment of withholding taxes constitutes a payment of money held in trust for the IRS. 26 U.S.C. § 7501(a) (1994). The Supreme Court has ruled that if a trust fund tax payment is made during the preference period, the government must establish a "nexus between the 'amount' held in trust and the funds paid" in order to defeat the preference action. *Begier v. IRS,* 496 U.S. 53, 66–67, 110 S.Ct. 2258, 2267, 110 L.Ed.2d 46, 61 (1990). In that case, the nexus was a demonstrated ability to pay. *Id.*

However, under the Bankruptcy Code, even the government must be subject to the priority scheme set forth in section 507 when the ability to pay arises postpetition, as it does here. *See Official Creditors Committee v. Tuchinsky (In re Major Dynamics, Inc.),* 897 F.2d 433, 434 (9th Cir.1990). If taxes withheld postpetition by the debtor-in-possession constituted funds held in trust for the IRS, then the IRS would never be subject to the Bankruptcy Code's system of priorities regarding those particular claims. *Id.* The IRS would be paid even before the priority scheme would take effect. *Id.* What little Fleming may receive in this case would surely have disappeared into the United States' Treasury if I were to follow his line of reasoning.

### *CONCLUSION*

Pursuant to the above findings of fact and conclusions of law, I find the objections raised by Fleming wholly without merit. The Objection of David L. Fleming to Trustee's Treatment of Administrative Expenses is overruled. A separate order in accordance herewith has previously been entered. An order allowing the Chapter 11 administrative expenses will be entered separately.

DONE AND ORDERED.